48 CCPA

**ROBERT HALL CLOTHES, INC.,**
Appellant,

v.

**Mary Lindsay STUDDS, Appellee.**

Patent Appeal No. 6620.

United States Court of Customs
and Patent Appeals.

Feb. 6, 1961.

John P. McGann, New York City, for
appellant.

Fisher, Christen & Goodson, Arnold B.
Christen, Washington, D. C. (John J.
Byrne, Washington, D. C., of counsel),
for appellee.

Before WORLEY, Chief Judge, RICH,
MARTIN, and SMITH, Judges, and
Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

The Trademark Trial and Appeal
Board has dismissed, 122 USPQ 347, an
opposition to the registration of "Rose
Hall" for use on women's, children's, and
men's wearing apparel and accessories.
Mary Lindsay Studds is the applicant.
The opposer, Robert Hall Clothes, Inc.,
has appealed to this court.

The notice of opposition alleges likelihood of damage to the opposer because of
the confusing similarity between "Rose
Hall" and opposer's registered trademarks "Robert Hall" and "Roberta Hall,"
both applied to articles of wearing apparel.

"Rose Hall" is the name of an old Virginia manor house which appellee restored and uses as her place of business
for retailing women's and children's
wearing apparel and accessories. "Rose
Hall" is used in appellee's advertising
and on her merchandise labels and packages.

The opposer, appellant here, a subsidiary of United Merchants and Manufacturers, Inc., operates a chain of more
than two hundred and fifty retail clothing
stores for men, women, and children
throughout most of the United States,
including areas of Virginia near appellee's place of business. Appellant's
marks are used to identify both its stores
and the merchandise sold therein.

There is no dispute that appellant is
the prior user of its marks. The board
found the goods of the parties to be
identical and stated:

"* * * the only question to be
determined is whether or not 'Rose
Hall' so resembles 'Robert Hall'

---

1. United States Senior District Judge for
the Eastern District of Pennsylvania,
designated to participate *in place of* *Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28, United
States Code.

and/or 'Roberta Hall' as to be likely to cause purchasers to assume that wearing apparel marketed thereunder emanate [sic] from a single source."

The board answered this question by stating that the differences between "Rose Hall" and appellant's marks "Robert Hall" and "Roberta Hall" are sufficient to obviate any likelihood of confusion, mistake, or deception of purchasers. In reaching this answer, the board stated:

"The primary resemblance between applicant's mark and opposer's marks lies in the term 'Hall'. There can be no doubt that by opposer's extensive use and promotion, the notation 'Robert Hall' has become well known and is identified in the public mind as an indication of origin of the wearing apparel sold in opposer's establishments, but there is nothing in the record which would tend to indicate that either opposer or its merchandise is known and identified by the term 'Hall' alone.

"Insofar as applicant's mark may be considered to be the name of an individual, 'Hall' is a common surname, and people are accustomed to distinguish between persons having such surnames by their baptismal names. Hence, the purchasing public would be likely to rely upon the marks here involved in their entireties in identifying and distinguishing the products sold thereunder; * * * ."

In a footnote to its opinion, the board also stated:

"It appears that applicant uses the mark 'Rose Hall' only in connection with articles of wearing apparel for women and children. Accordingly, if applicant ultimately prevails herein, the Examiner of Trademarks should re-examine the application in the light thereof."

During the discovery period of these proceedings, appellant submitted interrogatories to appellee and on the basis of the answers thereto apparently argued before the board that registration of "Rose Hall" should be denied because it is geographically descriptive, is not used as a trademark, and is not used in interstate commerce. The notice of opposition was not amended to include these points and the board did not discuss them in its opinion. Appellant continues to rely heavily on these additional reasons for denial of registration of "Rose Hall." Appellee, on the other hand, urges that these reasons relate to *ex parte* procedures which were not pleaded, which appellant has no standing to challenge, and on which the board properly did not rule.

With regard to the issue of confusing similarity, appellant urges that the marks at issue look alike and sound alike, and are used on identical goods, advertised and sold in the same channels of trade in the same area and to the same consumers. Therefore, urges appellant, confusion is virtually inevitable.

Appellee, on the other hand, urges the importance of its operation of a smart elegant women's dress shop dedicated to the sale of "high fashion" clothing as compared with the mass production, volume sales, low prices, and low overhead emphasized by appellant in its advertising as a reason that the marks at issue are not likely to confuse the customers particularly with regard to any secondary meaning attached to appellant's marks by reason of the tremendous promotion of them.

■ We are of the opinion that there is no likelihood of confusion in trade by the concurrent use of "Robert Hall" and "Rose Hall" on the respective goods of the parties. The word, "Hall," common to these marks, has little distinctiveness. This conclusion is supported by the many third-party registrations for wearing apparel introduced in evidence wherein "Hall" is only a part of the trademark. "Hall" gains trademark significance here when used together with the prefixes such as "Robert" or "Rose." Considering these marks in their entireties, they have different appearances, spelling, meaning, and they do not sound alike.

As to the other grounds for its appeal, namely that "Rose Hall" is geographically descriptive, is not used as a trademark, and is not used in interstate commerce, we do not believe appellant, as a matter of right, can raise these issues at this time since it failed to include them as grounds for these opposition proceedings in the original notice of opposition and we find no amendment in the record which includes them. Revere Paint Company v. Twentieth Century Chemical Company, 150 F.2d 135, 32 CCPA 1096, and L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F. 2d 755, 42 CCPA 932. The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.