58 CCPA

**MIDLAND INTERNATIONAL CORPORATION, Appellant,**

v.

**MIDLAND COOPERATIVES, INC., Appellee.**

**Patent Appeal No. 8380.**

United States Court of Customs and Patent Appeals.

Dec. 17, 1970.

---

**1400**

Thomas E. Scofield, Kansas City, Mo., attorney of record, for appellant; Claude W. Lowe, Scofield, Kokjer, Scofield & Lowe, Kansas City, Mo., of counsel.

Ira Milton Jones, Milwaukee, Wis., for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

Midland International Corporation (hereinafter International) appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition to Midland Cooperatives, Inc.'s (hereinafter Cooperatives) application [1] for registration of the term "MIDLAND" as its trademark, and from the decision of the board on its petition for reconsideration and renewed motion for summary judgment, in which the board adhered to its earlier decision.

After Cooperatives' omnibus application for registration of MIDLAND in 36 classes for goods and services was published, International filed a notice of opposition directed to four of the classes of goods recited in the omnibus application, namely, classes 5, 21, 23 and 24. The numbered classes comprise glue and tape; electrical tools, household appliances and accessories; power tools and equipment; and heating and ventilating equipment and tools.

In its notice of opposition as it relates to the goods described in the noted classes, International pleaded that upon information and belief it has, since long prior to any bona fide use by Cooperatives of MIDLAND as a trademark for the goods specified in the aforementioned classes, advertised and used said designation in the sale of such goods. It is alleged that International has built up substantial good will in its mark and that if Cooperatives were granted registration over its opposition, such registration would give Cooperatives prima facie exclusive right in the designation MIDLAND and thereby interfere with International's right to continue its long standing use of MIDLAND and unduly interfere with International's use of its trade name. It is further alleged that Cooperatives is not the owner of the trademark sought to be registered, does not itself manufacture any of the goods named, and did not make any bona fide use of the trademark.

On August 23, 1966 Cooperatives moved for summary judgment dismissing the

1.  Serial No. 204,135 filed September 2, 1962.

opposition for reasons largely predicated on the affidavit of its general counsel, Milton Zeddies, relating to its use of the mark MIDLAND on its products. On September 9, 1966, International filed a motion to suspend proceedings pending final determination of a civil action then pending between the parties in the United States District Court for the Western District of Missouri, Western Division.[2] In this civil action Cooperatives sought to enjoin International from using the trademark MIDLAND and also the use of its present trade name, Midland International Corporation, or any trade name containing the term "Midland." The basis asserted for this motion was, in the main, that the decision of the District Court on the issues raised therein "will be dispositive of most if not all of the issues in the present opposition proceeding, or will have a vital bearing thereon."

As a further ground for suspending the instant proceeding, it was pointed out that the parties therein were involved in another opposition [3] wherein Cooperatives sought to prevent International from registering the trademark MIDLAND for electric meters. It was on the motion of Cooperatives that proceedings in that opposition were suspended pending outcome of the civil action in the United States District Court for the Western District of Missouri.

We deem it pertinent to note here that the Trademark Trial and Appeal Board, by reason of the decision of the District Court, dismissed that opposition on the ground of estoppel within the ambit of principles involving the doctrine of res judicata. That decision, on appeal here, was affirmed by the unanimous decision of this court in Midland Cooperatives, Inc. v. Midland International Corp., 421 F.2d 754, 57 CCPA 932 (1970).

Returning now to the instant proceeding, Cooperatives' motion for summary judgment having been denied by the board, Cooperatives joined in the motion to suspend proceedings pending adjudication of the issues raised in the civil action in the District Court, assigning as the reason therefor that the parties had reached concurrence as to the desirability and appropriateness of suspension of the proceedings pending before the board.

Upon termination of the civil action by final judgment of the District Court, proceedings herein were resumed and International was ordered to show cause why the instant matter should not be dismissed on its merits. In response to that order, International moved for summary judgment on grounds of res judicata and estoppel, asserting in substance that the civil action was one brought by Cooperatives against it for alleged trademark infringement of MIDLAND and unfair competition, and that the court having determined that Cooperatives was not entitled to any relief sought in its complaint, it therefore is entitled to summary judgment.

In moving for dismissal of the opposition, Cooperatives urged before the board that inasmuch as the court determined that confusion in trade is not likely to occur as a result of the simultaneous use of MIDLAND on the involved goods, International cannot be damaged by the registration which it opposes. Thus it appears to us, as it did to the board, that both parties were in agreement that the issue before the board was adjudicated by final judgment of the District Court. It is manifest from the record that the sole issue before the board by reason of the notice of opposition and the position of both parties in regard to the effect of the District Court decision was likelihood of confusion. In regard to the issue of likelihood of confusion, the court found that:

> No evidence was adduced on which this Court could predicate a finding that confusion, mistake or deception did in fact result from defendant's [International's] use of MIDLAND. Nor can this Court make such a finding or

---

2. Midland Cooperatives, Inc. v. Midland International Corp., No. 15184–1.

3. Opposition No. 44,364, serial No. 156,089, filed October 29, 1962.

a finding that such confusion, mistake, or deception is reasonably likely to occur without some factual basis in the record upon which such findings could be based.

Whereupon the board held:

\* \* \* it is clear that inasmuch as the Court had found no likelihood of confusion as between the parties with respect to their use of the identical term in association with their products Cooperatives cannot use the opposed registration to prevent International from using "MIDLAND" as a trademark or as a trade name or portion thereof. Opposer [International] cannot be damaged by the registration applicant [Cooperatives] is seeking; and the Board has no alternative but to dismiss the opposition.

In addition, the District Court found that MIDLAND is a geographic term commonly used by others and it has not acquired any significant meaning as to Cooperatives in commercial fields other than petroleum distribution. This prompted the board to add to its opinion a footnote which states:

However, in view of the determination by the Court that the term "MIDLAND" is geographically descriptive, and that Cooperatives has made no showing of secondary meaning, we are compelled to return the application to the Examiner of Trademarks to reconsider the merits of the application in all classes. See: Rule 2.131.

■ Appellant (International) alleges that the board erred when it proposed leaving it to the Examiner of Trademarks to deal ex parte with this question of registration which should have been determined inter partes. In fact, the District Court's finding in regard to the geographically descriptive character of MIDLAND is stressed by International in support of its contention that its motion for summary judgment should have been granted. The board denied appellant's motion for summary judg-

ment. We are not impressed with International's attempt now to invoke the provisions of section 2(e) of the Trademark Act which proscribes registration of a trademark which is merely descriptive or geographically descriptive. No issue relating to section 2(e) was raised in the notice of opposition. In our decision in the appeal from the dismissal of Cooperatives' opposition to International's application,[4] we refused to permit Cooperatives to urge such a defense when it was not raised in the original proceedings. We see no reason to permit International to assert it in the present proceeding, although, we agree with the board that the court's finding in this regard should be considered by the examiner.

■ Appellant also contends that the board erred in not considering the allegation that Cooperatives does not own the mark it is seeking to register. It is appellant's position that the court implicitly held that Cooperatives is not the owner of MIDLAND with respect to the goods in question. Appellant asserts that this too is a ground for summary judgment. We cannot agree. The District Court did not reach the points which International in its notice of opposition alleges as showing Cooperatives' lack of ownership in MIDLAND. The court did not discuss International's allegation that Cooperatives does not itself manufacture any of the goods named, or that Cooperatives has misused the mark.

It is the essence of appellee's (Cooperatives') argument that the notice of opposition had to be dismissed in any event because it did not plead grounds upon which an opposition could be properly sustained and was therefore fatally defective. In final analysis, appellee contends that while the board should have sustained its challenge to the notice of opposition in its ruling on Cooperatives' motion for summary judgment, the effect of its ultimate disposition of the case is no different than if it had done so. In short, it is contended that the board

---

4. Midland Cooperatives, Inc. v. Midland International Corp., supra.

reached the right end by the wrong route. Appellee cites, in support of its contention, the case of J. E. Riley Inv. Co. v. Commissioner of Internal Revenue, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940), to the effect that:

Where the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action.

 Whatever may be said by way of assault upon the sufficiency and legal efficacy of the notice of opposition, it certainly interposed the defense of likelihood of confusion. This was the sole issue before the board which had been finally resolved in litigation between the parties. While we are not at liberty to speculate as to what the Missouri Court might have decided and didn't decide, it is crystal clear that it did decide that there was no likelihood of confusion as between the parties with respect to their simultaneous use of MIDLAND in association with their products, including the goods involved herein. The parties hereto, as was the board, are bound by, and we must respect, the efficacy of that decision in regard to the finding of no likelihood of confusion.

This court's observation in Midland Cooperatives, Inc. v. Midland International Corp., supra, has relevancy here:

The board dealt with the sole issue before it which had been competently resolved in litigation between the parties. It appears to us that on the issues raised in the notice of opposition and decided in the District Court the board, in view of the status of the proceedings before it, had no other alternative.

\* \* \* \* \* \*

It is our view that the District Court, in response to allegations made by Cooperatives and issues joined by the parties, has judicially determined, adversely to Cooperatives, the vital issues raised by the notice of opposition. The very essence of its defense to the application filed by International that confusion in trade would result with

ensuing damages had been finally resolved when proceedings were resumed by the board. The board correctly applied the principle of estoppel.

 We find no merit in appellant's objection to the board's return of the application to the Examiner of Trademarks to reconsider the merits of the application in all classes (Rule 2.131), and, in fact, we think such an action advisable in view of the District Court's finding that MIDLAND is geographically descriptive and that no secondary meaning was established by Cooperatives.

We have considered the cases cited and arguments advanced, and we are not persuaded of reversible error in the decision of the board, which we affirm.

Affirmed.