The HOOVER COMPANY, Appellant,

v.

ROYAL APPLIANCE MFG.
CO., Appellee.

No. 00–1219.

United States Court of Appeals,
Federal Circuit.

Jan. 31, 2001.

Rehearing Denied Feb. 27, 2001.

Ray L. Weber, Renner, Kenner, Greive, Bobak, Taylor & Weber, of Akron, OH, argued for appellant.

Jude A. Fry, Fay, Sharpe, Fagan, Minnich & McKee, L.L.P., of Cleveland, OH, argued for appellee. With him on the brief were Patrick R. Roche, and Sandra M. Koenig.

Before MAYER, Chief Judge, LOURIE and BRYSON, Circuit Judges.

MAYER, Chief Judge.

The Hoover Company (Hoover) appeals the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board, Opposition No. 96,834 on Application No. 74/462,460 (December 17, 1999), dismissing Hoover's opposition of Royal Appliance Manufacturing Company's (Royal) registration of the mark "The First Name in Floorcare." We affirm.

## Background

On November 23, 1993, Royal filed an application to register "The First Name in Floorcare" on the principal register for "electrical vacuum cleaners for both domestic and industrial use," in class nine. The application included a disclaimer of "Floorcare" apart from the mark as a whole. Royal claimed use of the mark since April 29, 1992, as a part of the Royal logo and on all Royal metal vacuum product cartons.

Hoover began opposition proceedings on November 23, 1994, contending that Royal's mark was likely to cause confusion with Hoover's unregistered mark, "Number One in Floorcare," and that Royal's mark, "The First Name in Floorcare," is deceptive or deceptively misdescriptive. Hoover has used the slogan, "Number One in Floorcare," since the mid–1970's in advertising, point of sale materials and specification sheets. According to surveys in the record below, Hoover has consistently ranked first for brand recognition and market share in the floorcare industry.

The board dismissed Hoover's opposition, concluding that there was no likelihood of confusion under section 2(d) of the Trademark Act. The board found that Hoover's mark was not inherently distinctive and had not acquired distinctiveness, and that Royal's mark is not deceptive or deceptively misdescriptive.

## Discussion

■ Hoover alleged a likelihood of confusion between its unregistered mark, "Number One in Floorcare," with Royal's mark, "The First Name in Floorcare."

The Patent and Trademark Office may refuse to register a trademark if it so resembles a mark with priority "as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d) (1994). "Whether a likelihood of confusion exists is 'a question of law based on underlying facts.'" *In re Dixie Restaurants, Inc.,* 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed.Cir. 1997) (citation omitted). We review the board's legal conclusions *de novo, In re Boston Beer Co. Ltd. Partnership,* 198 F.3d 1370, 1373, 53 USPQ2d 1056, 1058 (Fed.Cir.1999), and uphold the board's factual findings unless they are unsupported by substantial evidence, *On–Line Careline, Inc. v. America Online, Inc.,* 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1475 (Fed. Cir.2000).

■ Hoover, as the party opposing registration on the basis of likelihood of confusion with its own mark, must establish that "Number One in Floorcare" is distinctive of its goods either inherently or through the acquisition of secondary meaning. *See Towers v. Advent Software, Inc.,* 913 F.2d 942, 945, 16 USPQ2d 1039, 1041 (Fed.Cir.1990). Hoover's attempt on appeal to characterize its slogan as a trade identity does not relieve it of the burden of establishing distinctiveness. *See id.* at 946, 16 USPQ2d at 1041. "[T]rade identity rights arise when the term is distinctive, either inherently or through the acquisition of secondary meaning." *Id.*

■ The issue of inherent distinctiveness is a factual determination made by the board. *Cf. Imagineering, Inc. v. Van Klassens, Inc.,* 53 F.3d 1260, 1263, 34 USPQ2d 1526, 1528 (Fed.Cir.1995). Hoover argues that the slogan "Number One in Floorcare" is inherently distinctive because it uniquely identifies a single source, the number one ranked source of floorcare goods, which Hoover alleges itself to be. No others, according to Hoover, can use the mark, "Number One in Floorcare," with equal truth.

Substantial evidence, however, supports the board's finding that "Number One in Floorcare" is a generally laudatory phrase, and thus is not inherently distinctive. Hoover's Vice President of Marketing confirmed the self-laudatory nature of the slogan. "Marks that are merely laudatory and descriptive of the alleged merit of a product are also regarded as being descriptive.... Self-laudatory or puffing marks are regarded as a condensed form of describing the character or quality of the goods." *Boston Beer*, 198 F.3d at 1373, 53 USPQ2d 1056, 1058 (citing 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:17 (4th ed. 1996)).

Furthermore, descriptive terms are in the public domain and should be free for use by all who can truthfully employ them to describe their goods. *See Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 543–44, 40 S.Ct. 414, 64 L.Ed. 705 (1920). However unlikely, Hoover could fall from the number one ranking in one or more of the numerous categories (e.g., innovation, brand awareness, purchase intent, loyalty, market share), that it suggests render it "Number One in Floorcare." Because the "number one" source in each category could change at any time, the laudatory phrase of "Number One" does not necessarily indicate a single source. The new "number one" source should be free to "truthfully employ" the descriptive term "Number One" to describe its goods as well. *See id.* Therefore, substantial evidence supports the board's finding that the mark "Number One in Floorcare" is not inherently distinctive.

A merely descriptive mark may nevertheless acquire distinctiveness or secondary meaning. *See Boston Beer*, 198 F.3d at 1373, 53 USPQ2d at 1058 (citing *In re Bongrain Int'l (American) Corp.*, 894 F.2d 1316, 1317 n. 4, 13 USPQ2d 1727, 1728 n. 4 (Fed.Cir.1990)). Under 15 U.S.C. § 1052(f) (1994), a mark has acquired secondary meaning if it has become "distinctive of the applicant's goods in commerce." Whether a mark has acquired distinctiveness is a question of fact. *See G.H. Mumm & Cie v. Desnoes & Geddes, Ltd.*, 917 F.2d 1292, 1294, 16 USPQ2d 1635, 1637 (Fed.Cir.1990).

Hoover argues that its slogan, "Number One in Floorcare," evolved as a second-hand identity as a consequence of consumer recognition of Hoover's first place position in every recognized category in the floorcare industry. Mere industry rankings, however, do not establish actual use of a slogan for the purpose of acquiring secondary meaning. Hoover presented no evidence showing how consumers actually perceive the slogan and only minimal evidence of the use of the slogan. The board found that Hoover used the slogan in close proximity to its principal trademark, "Hoover": a use more likely to be perceived as a laudatory statement about the goods than as a trademark. Furthermore, Hoover never conducted a consumer brand recognition survey for its "Number One in Floorcare" slogan. Therefore, substantial evidence exists to support the board's finding that the mark, "Number One in Floorcare," did not acquire distinctiveness or secondary meaning. Because substantial evidence supports the board's factual findings that Hoover's unregistered mark is not inherently distinctive and has not acquired distinctiveness, the board properly held that Hoover did not have a trademark on which a likelihood of confusion count could be based.

Hoover further contends that Royal's mark, "The First Name in Floorcare," violates section 2(a) of the Lanham Act which bars registration of a mark "[c]onsist[ing] of or compris[ing] ... deceptive ... matter," 15 U.S.C. § 1052(a) (1994), and violates section 2(e) of the act as "deceptively misdescriptive" when used on or in connection with Royal's goods, *id.* § 1052(e). In opposition proceedings, the opposer bears the burden of establishing that the applicant does not have the right to register its mark. *See Clinton Detergent Co. v. Procter & Gamble Co.*, 49

C.C.P.A. 1146, 302 F.2d 745, 747, 133 USPQ 520, 522 (1962); *Wilson v. Delaunay,* 44 C.C.P.A. 1019, 245 F.2d 877, 880, 114 USPQ 339, 342 (1957); 3 McCarthy on Trademarks § 20:3.

We have established a three-part test for determining whether a mark is deceptive pursuant to section 2(a):

(1) Is the term misdescriptive of the character, quality, function, composition or use of the goods?

(2) If so, are prospective purchasers likely to believe that the misdescription actually describes the goods?

(3) If so, is the misdescription likely to affect the decision to purchase?

*In re Budge Mfg. Co., Inc.,* 857 F.2d 773, 775, 8 USPQ2d 1259, 1260 (Fed.Cir.1988). The board found the mark, "The First Name in Floorcare," not misdescriptive of the character, quality, function, composition or use of the goods. Whether a mark is misdescriptive is a question of fact, *In re Compagnie Generale Maritime,* 993 F.2d 841, 845, 26 USPQ2d 1652, 1655 (Fed.Cir. 1993), which we review under the substantial evidence standard, *On–Line Careline,* 229 F.3d at 1085, 56 USPQ2d at 1475. Hoover argues that Royal's mark would be perceived by consumers as meaning "number one," a position that Royal does not hold in the floorcare industry. The board acknowledged that the term "The First Name" connotes a position of preeminence in a general sense, but it is unclear which category or categories to which the phrase would or could pertain. It found equally reasonable Royal's contentions that the term "The First Name" suggests general familiarity, as in being on a "first name" basis with an individual.

The possibility of drawing two inconsistent conclusions from the evidence does not prevent the board's finding from being supported by substantial evidence. *See id.* at 1086, 56 USPQ2d at 1475. A reasonable person could find that the evidentiary record supports the board's conclusion that Royal's mark suggests a general familiarity, and does not misdescribe or misrepresent Royal's goods. Because substantial evidence supports the finding that the phrase does not either misdescribe or misrepresent Royal's goods, the board correctly held that Royal's mark was not deceptive.

"A mark may be 'deceptively misdescriptive' under § 2(e) if it misrepresents any fact concerning the goods that may materially induce a purchaser's decision to buy." 2 McCarthy on Trademarks § 11:56. Because, as discussed above, substantial evidence exists to support the board's finding that "The First Name in Floorcare" does not misdescribe or misrepresent Royal's goods, the board properly held that the mark is not deceptively misdescriptive under section 2(e).

Finally, Hoover contends that Royal's mark, "The First Name in Floorcare," is unregistrable as a generally laudatory descriptive phrase. *See Boston Beer,* 198 F.3d at 1370, 53 USPQ2d at 1058. This issue was not raised in Hoover's Notice of Opposition and the board did not rule on it. We decline to address it for the first time on appeal. *See Robert Hall Clothes, Inc. v. Studds,* 48 C.C.P.A. 831, 286 F.2d 615, 617, 128 USPQ 542, 544 (1961); *Midland Int'l Corp. v. Midland Coops., Inc.,* 58 C.C.P.A. 756, 434 F.2d 1399, 1402, 168 USPQ 107, 109 (1970).

## Conclusion

Accordingly, the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board is affirmed.

*AFFIRMED.*