NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1050
(Opposition No. 91/156,780)


LEON P. HART,

Appellant,

v.

NEW YORK YANKEES PARTNERSHIP
and STATEN ISLAND MINOR LEAGUE HOLDINGS, L.L.C.,

Appellees.

_____

DECIDED:  June 9, 2006
_____


Before MICHEL, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

Leon P. Hart filed an intent-to-use application with the United States Patent and Trademark Office to register the mark BABY BOMBERS for clothing and athletic wear. The New York Yankees Partnership and Staten Island Minor League Holdings, L.L.C. (collectively, the "New York Yankees" or "Yankees") filed an opposition, which the Trademark Trial and Appeal Board ("Board") sustained.  We <u>affirm</u>.

The New York Yankees oppose Hart's mark on the basis of their use of the common law mark BABY BOMBERS in association with the New York Yankees major

league baseball club and with the Yankees' minor league affiliate, the Staten Island Yankees baseball club. In order to establish their ground of opposition under section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), the Yankees must show that they have priority of use in the mark and that Hart's mark, when used on the goods set forth in the application, would create a likelihood of confusion with the Yankees' mark. See Hoover Co. v. Royal Appliance Mfg. Co., 238 F.3d 1357, 1359 (Fed. Cir. 2001); 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 20.14 (4th ed. 2004). Because the Yankees' BABY BOMBERS mark is unregistered, the Yankees must also show their mark is distinctive in order to establish priority. See Towers v. Advent Software, Inc., 913 F.2d 942, 945 (Fed. Cir. 1990).

We review the Board's factual findings of priority and distinctiveness for substantial evidence. See Hoover, 238 F.3d at 1359. Whether a likelihood of confusion exists is a question of law, which we review without deference, based on underlying factual findings, which we review for substantial evidence. Id.

Hart's priority date is July 23, 2001, the date he filed his intent-to-use application. The Board found that the New York Yankees had used the term BABY BOMBERS in promotional materials to refer to their Staten Island minor league affiliate since its inception in 1999. The Board also found that the term had been used by the press to refer to both the minor league and major league Yankees teams for several years before Hart's priority date. Contrary to Hart's argument on appeal, the Board's finding that the Yankees have priority in the mark did not rely on uses of the term subsequent to July 23, 2001. There is ample evidence in the record that the term was used in connection with the Staten Island Yankees prior to 2001. Based on our examination of

the record, we conclude that the Board's finding that the Yankees have priority in the BABY BOMBERS mark is supported by substantial evidence.

The Board also found that the Yankees' BABY BOMBERS mark was distinctive rather than merely descriptive of the qualities or characteristics of goods or services. Hart has alleged no specific error in the Board's analysis. Having reviewed the record, we are satisfied that the Board's finding of distinctiveness is supported by substantial evidence.

Finally, the Board determined that the mark BABY BOMBERS for clothing and athletic wear would be confusingly similar to the Yankees' identical mark when used in association with entertainment services involving baseball games. The Board considered the factors set forth in In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361 (CCPA 1973), especially the questions of similarity of the marks and whether Hart's goods and the Yankees' services are related. With regard to similarity of the marks, the Board noted that the marks clearly are identical in appearance and sound. The Board also found that the meaning and commercial impression of BABY BOMBERS would be identical to the extent that the mark, when used in connection with a minor league baseball team and on athletic clothing, suggests an association with the New York Yankees, who have been referred to as the Bronx Bombers for over seventy years. With regard to similarity of the parties' goods and services, the Board found that Hart's athletic clothing goods were sufficiently related to the Yankees' baseball exhibition services that consumers would likely believe Hart's products were approved or licensed by the Yankees. Hart's arguments have not convinced us that the Board's findings are unsupported by substantial evidence or that the Board erred in concluding

that a likelihood of confusion exists between the marks. Because the New York Yankees have also established that they have priority in the BABY BOMBERS mark and that their mark is distinctive, we <u>affirm</u> the decision of the Board.

We have considered Hart's additional arguments and find them to be unpersuasive or irrelevant. Furthermore, because we agree with the Board that the opposition may be sustained on the basis of the Yankees' BABY BOMBERS mark, we need not consider the Yankees' argument that their opposition may also be sustained on the basis of their registered mark BRONX BOMBERS.