41 C.C.P.A. (Patents)

**Application of DUVERNOY & SONS, Inc.**

**Patent Appeals No. 6049.**

United States Court of Customs and Patent Appeals.

April 9, 1954.

Hauff & Warland, and James M. Mason, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

COLE, Judge.

Having continuously since 1919 affixed the word expression "Consistently Superior" to its bakery products (bread, rolls, biscuits, cakes, pies and pastries), Duvernoy & Sons, Inc., the appellant herein, filed its application in 1947 to register that notation as a trade mark on the Principal Register of the United States Patent Office. Registrability of the alleged mark was claimed in accord-

ance with the provisions of section 2(f) of the Trade Mark Act of 1946,[1] the appellant contending that the notation had become distinctive of its goods in commerce. In asserted proof of its claim to distinctiveness, the appellant submitted numerous affidavits and exhibits which, upon review by the Examiner of Trade Marks of the Patent Office, were held to be insufficient as a matter of law to establish such a claim. The examiner was further of the opinion that the notation sought to be registered was inherently incapable of distinguishing the appellant's goods or of indicating the source of origin thereof. The Examiner-in-Chief affirmed the position taken by the examiner, Ex parte Duvernoy & Sons, Inc., 96 U.S.P.Q. 174, and the appellant has appealed here from that decision.

It appears from the record that the notation "Consistently Superior" has been applied to the wrappers encasing the appellant's bakery products for a continuous period in excess of 30 years. Sales of the appellant's goods have been national in scope since 1935; prior thereto, distribution of such goods was on a relatively local basis. Advertising has been extensive and of wide circulation, varying in medium from attractive window displays to order forms, pamphlets, circulars, and magazine spreads. In all of its advertising efforts disclosed by the exhibits in the record the appellant has used the legend in question in close association with its trade name, Duvernoy & Sons, Inc., and in connection with the promotion and distribution of its products. Numerous trucks serve the customers of the appellant throughout the United States (approximately 80 of such trucks presently operate in the New York, New Jersey, and Connecticut areas) and the notation "Consistently Superior" has for many years been printed in a uniform position on the side panels of each of such trucks.

The affidavits of record offered in appellant's behalf conclusively establish that, insofar as the individual affiants are concerned, the term "Consistently Superior" is distinctive of the appellant's goods in commerce and is so recognized by the public and those in the trade. In other words, the affidavits are to the effect that "Consistently Superior" is a mark positively signifying the goods of the appellant and that such notation has become distinctive with respect thereto.

On the basis of the record before us, viewed in the light of the arguments presented and the law applicable thereto, we are of the opinion that "Consistently Superior" is not such a notation as warrants registration under the provisions of section 2(f), supra.

The appellant seemingly concedes that the term in question is, in a sense, laudatory or exclamatory and would require proof of the most convincing character to support a claim to distinctiveness. The affidavits relied upon to establish such distinctiveness, as applied to the appellant's goods, do not, however, sufficiently reflect the views of the purchasing public with respect thereto, being attestations from persons in close association and intimate contact with its business. We are in entire agreement with the Solicitor for the Patent Office in his statement that "such persons would be much more familiar with the words and devices employed by bakers than would members of the general public. It follows that the fact that these experts recognize a connection between the appellant and words 'Consistently Superior' is insufficient to establish that the public would recognize such a con-

---

[1]. Section 2(f). "Except as expressly excluded * * * nothing herein shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration." 15 U.S.C.A. § 1052(f).

nection." Accordingly, despite the long and widespread usage of the term in question, it is our belief that the appellant has failed on the record to establish the requisite public understanding necessary to registration under section 2(f), supra.

Furthermore, we feel manifestly certain from the nature of the notation sought to be registered that it was not originally adopted or intended to function as a trade mark to indicate origin of the appellant's goods, and it does not satisfactorily appear to us from the exhibits in the record that the appellant has ever used the term in question as a primary means for identifying its goods. On the contrary, we think it is clear from the exhibits that Duvernoy & Sons, Inc., appellant's trade name (generally shown in large, fanciful letters), is relied upon to denote origin and that "Consistently Superior" is merely an adjunct thereto, operating in the shadow thereof, to indicate to purchasers that appellant's goods are always superior in quality. In this respect, the solicitor aptly observes:

"It is submitted that the evidence in the present case clearly fails to show that the primary purpose of the words 'Consistently Superior' was to indicate origin. There is no exhibit offered in which those words appear without the name of the appellant and, in most cases, the words are much less prominently displayed than the name. Thus, for example, on the wagons and trucks pictured on pages 21 to 31 of the record, the name Duvernoy & Sons, Inc., always appears in bold letters, while 'Consistently Superior' is so small as to be almost illegible in some of the photographs. It is scarcely conceivable that anyone seeing such a wagon or truck could form the opinion that the words 'Consistently Superior' were relied on to inform the public as to the origin of the product.

"What has been said of the wagons and trucks is true to a greater or less extent of all the exhibits of record. * * *"

A careful consideration of the manner in which the appellant has employed the notation in question, as indicated principally by the exhibits, compels us to conclude that actual trade mark usage of "Consistently Superior" is not adequately shown in the record.

We are of the further opinion that the Examiner-in-Chief correctly held that "Consistently Superior" is a laudatory statement incapable of becoming distinctive or distinguishing the appellant's goods. Such a notation is merely a statement of fact which should be available to anyone who feels that his products are, in fact or belief, consistently superior, and wishes to so advise the public.

For the reasons hereinbefore stated, the decision of the Examiner-in-Chief, acting for the Commissioner of Patents, is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.