2/28/01

**THIS DISPOSITION
IS CITABLE AS PRECEDENT
OF THE T.T.A.B.**

Paper No. 16
RLS/krd

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Best Software, Inc.
_____

Serial Nos. 75/457,125 and
75/457,126
_____

Leesa N. Weiss of Jacobson, Price, Holman & Stern, PLLC for Best Software, Inc.

Carol A. Spils, Trademark Examining Attorney, Law Office 101 (Jerry Price, Managing Attorney).
_____

Before Simms, Seeherman and Chapman, Administrative Trademark Judges.

Opinion by Simms, Administrative Trademark Judge:

Best Software, Inc. (applicant), a Virginia corporation, has appealed from the final refusal of the Trademark Examining Attorney to register the mark BEST! SUPPORTPLUS PREMIER for membership services in the nature of providing computer software consultation; and computer consultation and support services, namely, providing upgrades of finance, tax, accounting, budget, human

resource, payroll, and asset management computer software.[1]
In application Serial No. 75/457,126, applicant seeks to
register the mark BEST! SUPPORTPLUS for the same services.
In both cases, the Examining Attorney has required
disclaimers of the word "BEST" and, in connection with the
'125 application, the word "PREMIER". Applicant and the
Examining Attorney have submitted briefs but no oral
hearing was requested. Because we have consolidated the
appeals in the above-identified applications, and because
the same issue is involved in both appeals, we hereby issue
a single opinion.

Arguing that the words "BEST" and "PREMIER" in
applicant's marks are merely descriptive because they are
laudatory terms which attribute quality or excellence to
applicant's services, the Examining Attorney has required
disclaimers of these words under Section 6(a) of the Act,
15 USC § 1056(a).[2] See TMEP § 1213.02(a). The Examining
Attorney argues that the exclamatory presentation of the

---

[1] Application Serial No. 75/457,125, filed March 26, 1998,
based upon applicant's bona fide intention to use the mark
in commerce. Companion Application Serial No. 75/457,126
was filed the same day and is also based on applicant's
bona fide intention to use the mark in commerce.
[2] That section provides:

> The Director may require the applicant to disclaim
> an unregistrable component of a mark otherwise
> registrable. An applicant may voluntarily disclaim a
> component of a mark sought to be registered.

word "BEST!" in applicant's marks reinforces the laudatory nature of this word. The Examining Attorney also notes that the word "BEST" is disclaimed in a registration which applicant claimed in its original applications (Registration No. 1,374,606, issued December 10, 1985, covering the mark "BP BEST PROGRAMS 'The Quality Software Company'"). In that registration, along with other words, applicant disclaimed the exclusive right to use "BEST PROGRAMS" apart from the mark. With respect to the word "PREMIER," the Examining Attorney maintains that this word is descriptive because it indicates that this is the best of applicant's service packages. The Examining Attorney has relied upon dictionary definitions of the terms "best" ("surpassing all others in excellence, achievement, or quality; most excellent") and "premier" ("first in status or importance"), and numerous third-party registrations wherein these words have been disclaimed. The Examining Attorney has also relied upon cases such as In re Boston Beer Co. L.P., 198 F.3d 1370, 53 USPQ2d 1056, 1058 (Fed. Cir. 1999) ("The Best Beer in America" found to be so highly laudatory and descriptive of the qualities of applicant's product that the slogan did not and could not function as a trademark to distinguish applicant's goods and serve as an indication of origin), and In re Wileswood,

3

Inc., 201 USPQ 400 (TTAB 1978) ("America's Best Popcorn!" held to be a laudatory phrase merely describing the qualities of applicant's goods).  To these we would add the recent cases of In re Nett Designs, Inc., ___ USPQ2d ____, Appeal No. 00-1075 (Fed. Cir. January 9, 2001)("The Ultimate Bike Rack" held to be a "laudatory descriptive phrase") and The Hoover Co. v. Royal Appliance Mg. Co., ___ USPQ2d ____, Appeal No. 00-1219 (Fed. Cir. Jan. 31, 2001)("Number One in Floorcare" held a "generally laudatory phrase, and thus… not inherently distinctive").

While arguing that the words sought to be disclaimed by the Examining Attorney are not used to describe any characteristic or quality of applicant's services (brief, 8), applicant argues essentially that its ownership of a registration of the mark BEST! (Registration No. 1,911,151, issued August 15, 1995, combined Sections 8 and 15 affidavit or declaration apparently filed) wherein there was no disclaimer of this word or any claim of acquired distinctiveness, precludes the Examining Attorney from requiring a disclaimer under Section 6 of the Act.  In this regard, applicant argues that under Section 7(b) of the

4

Act, 15 USC § 1057(b),[3] this registration, which covers computer consultation services among other goods and services, is prima facie evidence of its exclusive right to use this registered mark in connection with its services. This registration, according to applicant, shows that the Office has found this mark to be inherently distinctive of its services. According to applicant, the statutorily mandated evidentiary presumption is binding upon the Office and the Examining Attorney's requirement for a disclaimer violates applicant's exclusive rights conferred by statute. With respect to the Examining Attorney's reference to another one of applicant's registrations containing a disclaimer, applicant argues that that registered mark does not display the mark in the manner herein sought to be registered. Applicant has also made of record third-party registrations which contain the word PREMIER or variations thereof which have been registered without a disclaimer of that word or any claim of acquired distinctiveness under

---

3 That section provides:

> A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.

Section 2(f) of the Act. With respect to the cases cited by the Examining Attorney, applicant argues that they did not involve an applicant which claimed ownership of a prior registration.[4]

In response to applicant's reliance upon its Registration No. 1,911,151, the Examining Attorney argues that previous decisions by Examining Attorneys are without evidentiary value and are not binding on the Office or the Board, and that a mark which is merely descriptive may not be registered just because similar marks appear on the register. Likewise, according to the Examining Attorney, descriptive words must be disclaimed despite the existence of other marks on the register with the same wording which is not disclaimed.

We believe the Examining Attorney's contentions with regard to the third-party registrations are correct. Each application for registration of a mark for particular goods or services must be separately evaluated. In re Owens-Corning Fiberglas Corp., 774 F.2d 1116, 1127, 227 USPQ 417, 424 (Fed. Cir. 1985). We do not know what records were

---

[4] In applicant's appeal brief, which apparently crossed in the mail with the Board's decision of April 14, 2000, applicant raised certain objections to the Examining Attorney's evidence submitted in response to applicant's request for reconsideration. Inasmuch as the Board has already ruled upon those objections in the April 14 order, these objections need not be further considered.

before the Examining Attorneys in other cases.  Thus, there is little persuasive value in the third-party registrations.  In re Nett Designs, Inc., *supra*.  We must determine the propriety of the requirement for disclaimers based upon this record.

Moreover, with respect to its prior registration without a disclaimer, we note that the registration covers "computer consultation" services in Class 42 whereas the instant application covers services which appear to go beyond those in the registration.  In particular, the application includes, among other services, computer support services.  Accordingly, the registration does not serve to overcome this refusal.  See In re Loew's Theatres, Inc., 769 F.2d 764, 226 USPQ 865, 869 (Fed. Cir. 1985) ("[Applicant's] existing rights arising from its registration of DURANGOS for cigars are unaffected by the ruling with respect to the subject application…  The basic flaw in [applicant's] analysis is that each application for registration of a mark for particular goods must be separately evaluated.  Nothing in the statute provides a right *ipso facto* to register a mark for additional goods when items are added to a company's line or substituted for other goods covered by a registration.  Nor do the PTO rules afford any greater rights…"); and In re Sunmarks

7

Inc., 32 USPQ2d 1470, 1472-73 (TTAB 1994)("The cases are legion holding that each application for registration of a mark for particular goods or services must be separately evaluated… Section 20 of the Trademark Act, 15 USC Section 1070, gives the Board the authority and duty to decide an appeal from an adverse final decision of the Examining Attorney.  This duty may not be delegated by adoption of conclusions reached by Examining Attorneys on different records.  Suffice it to say that each case must be decided on its own merits based on the evidence of record.  We obviously are not privy to the record in the files of the registered marks and, in any event, the issuance of a registration(s) by an Examining Attorney cannot control the result of another case.")

Concerning the issue of mere descriptiveness, for the reasons expressed by the Examining Attorney, we believe that the words "BEST" and "PREMIER" are merely descriptive laudatory words which should be disclaimed.  As presented in applicant's marks sought to be registered, these words have merely descriptive significance, indicating high quality or importance.  They are unregistrable without a showing of acquired distinctiveness.

Decision:  The requirements for disclaimers of "BEST" and "PREMIER" in Application Serial No. 75/457,125 and of

8

"BEST" in Application Serial No. 75/457,126 are affirmed. Applicant may submit the required disclaimers in these two cases within thirty days from the mailing date stamped on this decision. If applicant does so, the disclaimers will be entered and the applications will be forwarded for publication in the Official Gazette.