**THIS OPINION IS A
PRECEDENT OF
THE T.T.A.B.**

Mailed: April 17, 2007

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

In re Lens.com, Inc.

_____

Serial No. 78076812

_____

Anthony DeGidio of Law Office of Anthony DeGidio for
Lens.com., Inc.

Kimberly Boulware Perry,[1] Trademark Examining Attorney, Law
Office 112 (Janice O'Lear, Managing Attorney).

_____

Before Hairston, Cataldo and Taylor,
Administrative Trademark Judges.

Opinion by Cataldo, Administrative Trademark Judge:

Lens.com, Inc. has applied to register the mark LENS

in standard character form on the Principal Register for

"retail store services featuring contact eyewear products

rendered via a global computer network."[2]

---

[1] The above application originally was examined by another
examining attorney.

[2] Application Serial No. 78076812 was filed August 1, 2001, based
upon applicant's assertion of May 1, 1995 as the date of first
use of the mark anywhere and in commerce in connection with the
services. Applicant subsequently amended the application to seek
registration under Trademark Act Section 2(f).

The trademark examining attorney refused registration under Section 2(e)(1) of the Trademark Act on the ground that applicant's mark is merely descriptive of a feature or quality of applicant's services. In response, applicant argued that its mark is suggestive, and in the alternative, amended its application to seek registration under Trademark Act Section 2(f). The examining attorney then refused registration under Trademark Act Section 2(e)(1) on the ground that the mark is generic.

When the refusal was made final, applicant appealed. Applicant and the examining attorney filed briefs.

Applicant argues that its LENS mark is suggestive of the services recited in its challenged application. Applicant argues in the alternative that its mark has acquired distinctiveness as used in connection with its services. Finally, applicant argues that the examining attorney failed to provide sufficient support for her argument that LENS is generic for applicant's services.

The examining attorney argues that LENS merely describes a function, feature, quality or use of applicant's services. The examining attorney further argues that "LENS also identifies the generic designation of the goods featured in the retail services at issue" (brief, p.7). The examining attorney argues that, as a

result, the designation is incapable of acquiring distinctiveness and is unregistrable under Trademark Act Section 2(f).

Evidentiary Matters

Before turning to the substantive ground for refusal, we note that the examining attorney has submitted several exhibits with her brief. These exhibits consist of printed copies of search summaries and results from the examining attorney's search by Internet search engines and web sites. We note that some of the printouts are substantially similar to material previously made of record by the examining attorney. Nonetheless, we find that to the extent they differ from the materials properly made of record, the exhibits submitted with her brief are untimely, and they have not been considered. *See* Trademark Rule 2.142(d) (the record in the application should be complete prior to the filing of an appeal). In addition, the examining attorney submitted additional definitions of "lens" in her brief on appeal. Although these definitions appear to be cumulative of the definition previously made of record, we will exercise our discretion to take judicial notice of them. The Board may take judicial notice of dictionary definitions. *See University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co.*, 213 USPQ 594, 596

(TTAB 1982); *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983).

Issues on Appeal

The issues on appeal are (1) whether the term LENS is generic for applicant's services; and, alternatively (2) if such term is not generic, whether it is merely descriptive thereof; and, if so, (3) whether it has acquired distinctiveness.

Genericness

A term is generic and not a mark if it refers to the class, genus or category of goods and/or services on or in connection with which it is used. *See In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807 (Fed. Cir. 2001), citing *H. Marvin Ginn Corp. v. International Association of Fire Chiefs, Inc.*, 782 F.2d 987, 228 USPQ 528 (Fed. Cir. 1986). The test for determining whether a mark is generic is its primary significance to the relevant public. *See* Section 14(3) of the Act. *See also In re American Fertility Society*, 188 F.3d 1341, 51 USPQ2d 1832 (Fed. Cir. 1999); *Magic Wand Inc. v. RDB Inc.*, 940 F.2d 638, 19 USPQ2d 1551 (Fed. Cir. 1991); and *H. Marvin Ginn Corp., supra*. The examining attorney has the burden of establishing by clear evidence that a mark is generic and thus unregistrable. *See In re Merrill*

*Lynch, Pierce, Fenner and Smith, Inc*., 828 F.2d 1567, 4
USPQ2d 1141 (Fed. Cir. 1987).  Evidence of the relevant
public's understanding of a term may be obtained from any
competent source, including testimony, surveys,
dictionaries, trade journals, newspapers, and other
publications.  *See In re Northland Aluminum Products, Inc*.,
777 F.2d 1556, 227 USPQ 961 (Fed. Cir. 1985).

In this case, the examining attorney has submitted the
following definition of "lens":

> a ground or molded piece of glass, plastic, or
> other transparent material with opposite surfaces
> either or both of which are curved, by means of
> which light rays are refracted so that they
> converge or diverge to form an image;

and the following definition of "contact lens":

> a thin lens designed to fit over the cornea, and
> usually worn to correct defects in vision.[3]

In addition, we take judicial notice of the following
definition of "eyewear":

> any of various devices, as spectacles, contact
> lenses, or goggles, for aiding the vision or
> protecting the eyes.[4]

We further take judicial notice of the following definition
in which "lens" is defined, *inter alia*, as follows:

---

[3] The examining attorney relies upon dictionary.reference.com and
www.m-w.com for these definitions.

[4] The Random House Unabridged Dictionary (Random House, Inc.,
2006).

short for CONTACT LENS.[5]

*See University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co., supra.*

The examining attorney further has submitted evidence from commercial Internet websites indicating that the term "lens(es)" is used to refer to contact lenses.  See, for example (emphasis added):

> The Contact Lens Store
> Your Online Discount Source for Contact Lenses
>
> **Browse by Lens**
> Disposable
> Daily Wear
> Extended Wear
> Colored Lenses
> Toric Lenses
> (www.contactlensstore.com)

> **The Highest Quality Lenses** – 1-800-CONTACTS customers receive the exact same contact lenses as they do from their eye care provider, including all of the major brands…as well as hard-to-find specialty lenses such as toric contact lenses, colored contacts, bifocal contacts and multifocal lenses.
> (www.1800contacts.com)

> **Contact Lens**
> Product Locator
> Accessories
> Bifocal
> Daily Wear

---

[5] <u>New Oxford American Dictionary</u>, (2d ed. 2005).

      **Disposable Lenses**
      **Gas Permeable Lenses**
      Reading Glasses
      Solutions
      Sunglasses
      Tinted
      Toric
      (www.parknicollet.com)


      Xpress deluxe.com
      Top online Contact Lens stores
      Top Brands…
      Categories…
      **Most Popular Lenses…**
      (www.xpressdeluxe.com)


The evidence of record thus supports a finding that the term "lens" is used as shorthand for "contact lens."

The determination of whether a term is generic involves a two-part inquiry: First, what is the category or class of the goods or services at issue? Second, is the term sought to be registered understood by the relevant public primarily to refer to that category of goods or services? *See H. Marvin Ginn Corp., supra.* With respect to the first part of the genericness inquiry, we find based upon the above evidence that the class or category of services at issue here is that of retail Internet store services featuring contact lenses. Indeed, we note that applicant's substitute specimens, consisting of a "screenshot" from applicant's Internet website, indicates that applicant sells contact lenses. We next turn to the

second step of the *Ginn* inquiry, that is, whether the relevant public understands the term LENS to refer to that category of services. We find that the term is so understood.

Because "lens" is a name for the contact eyewear which comprises the subject matter of applicant's services, the term is likewise a generic name for the retail Internet store services themselves. *See In re Candy Bouquet International, Inc.*, 73 USPQ2d 1883 (TTAB 2004) [because CANDY BOUQUET is generic for gift packages of candy, it also is generic for applicant's retail, mail and computer ordering services therefor]; *In re A La Vieille Russie Inc.*, 60 USPQ2d 1895 (TTAB 2001) [RUSSIANART generic for particular field or type of art and also for dealership services directed to that field]; *In re Log Cabin Homes Ltd.*, 52 USPQ2d 1206 (TTAB 1999) [because LOG CABIN HOMES is generic for a particular type of building, it is also generic for architectural design services directed to that type of building, and for retail outlets featuring kits for construction of that type of building]; *In re Web Communications*, 49 USPQ2d 1478 (TTAB 1998) [because WEB COMMUNICATIONS is generic for publication and communication via the World Wide Web, it is also generic for consulting services directed to assisting customers in setting up

their own Web sites for such publication and communication); and *In re Harcourt Brace Jovanovich, Inc.*, 222 USPQ 820 (TTAB 1984) [LAW & BUSINESS incapable of distinguishing applicant's services of arranging and conducting seminars in the field of business law].

The mere fact that "lens" may have other meanings in connection with other goods or services does not diminish the genericness of the term as defined in connection with applicant's services. Those wishing to provide retail services via the Internet involving lenses would need to use, and are entitled to use, the generic term "lens" in connection with such services.

In the present case, although the recitation of services does not specifically use the term "lens," we have found based upon the evidence of record that the "contact eyewear products" listed in the present application encompass the more specific term "lens." And, if applicant's mark LENS is generic as to part of the services applicant offers under its mark, the mark is unregistrable. *See In re Analog Devices Inc.*, 6 USPQ2d 1808, 1810 (TTAB 1988), *aff'd without pub. op.*, 871 F.2d 1097, 10 USPQ2d 1879 (Fed. Cir. 1989); and *In re Allen Electric and Equipment Co.*, 458 F.2d 1404, 173 USPQ 689, 690 (CCPA 1972) [genericness is determined on the basis of the goods and/or

services identified in the involved application].

Applicant's ownership by assignment of the previously issued Registration No. 2175334[6] for LENS for "computer software featuring programs used for electronic ordering of contact lenses in the field of ophthalmology, optometry and opticianry" does not compel a different result herein, particularly given the obvious distinctions between the goods identified in that registration and the services recited in the application at issue herein. Furthermore, while uniform treatment under the Trademark Act is an administrative goal, our task in this appeal is to determine, based on the record before us, whether applicant's particular mark sought to be registered here is generic. As is often stated, each case must be decided on its own merits. *See, e.g., In re Best Software Inc.*, 58 USPQ2d 1314 (TTAB 2001). Neither the current examining attorney nor the Board is bound by the prior action of the examining attorney who examined the earlier-filed application, now registration. *See In re Nett Designs Inc.*, 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001) ["Even if some prior registrations had some characteristics

---

[6] Assignment of this registration to applicant pursuant to settlement of Cancellation No. 92032926 was recorded on May 1, 2003 with the Assignment Branch of the United States Patent and Trademark Office at Reel 2722/Frame 0851.

similar to [applicant's] application, the PTO's allowance of such prior registrations does not bind the Board or this court."].

In short, the proposed mark is a common designation used in the industry to identify retail services in the field of contact eyewear. The designation LENS is generic and does not and could not function as a service mark to distinguish applicant's services from those of other contact eyewear providers and serve as an indication of origin. The designation sought to be registered should not be subject to exclusive appropriation, but rather should remain free for others in the industry to use in connection with their contact eyewear services. *See In re Boston Beer Co. L.P.*, 198 F.3d 1370, 53 USPQ2d 1056 (Fed. Cir. 1999).

Therefore, we conclude that the examining attorney has met the substantial burden of establishing that LENS is incapable of identifying and distinguishing the source of the identified services.

Mere Descriptiveness

Implicit in our holding that the evidence before us establishes that LENS is generic for applicant's services is a holding that LENS is at least merely descriptive of applicant's services under Section 2(e)(1). "The generic

name of a thing is in fact the ultimate in descriptiveness." *H. Marvin Ginn Corp., supra,* at 530.

Acquired Distinctiveness

In finding that the designation LENS is incapable of being a source identifier for applicant's services, we have considered, of course, all of the evidence touching on the public perception of this designation, including the evidence of acquired distinctiveness. As to acquired distinctiveness, applicant has the burden to establish a prima facie case of acquired distinctiveness. *See Yamaha International Corp. v. Hoshino Gakki Co., Ltd*., 840 F.2d 1572, 6 USPQ2d 1001, 1006 (Fed. Cir. 1988).

Applicant submitted the declaration under Trademark Rule 2.20 of Cary Samourkachian, its President, stating the following:

(1) applicant owns prior Registration No. 2175334 for the mark LENS for "computer software featuring programs used for electronic ordering of contact lenses in the field of ophthalmology, optometry and opticianry" in Class 9;

(2) applicant has made substantially exclusive and continuous use of LENS in commerce in connection with the goods and services provided by applicant for over five years prior to the date upon which the claim of distinctiveness is made; and

(3) applicant provides its goods and services in over 30 countries, applicant's sales in 2004 will exceed $4,000,000, since 1995 applicant has developed a customer file of over 130,000 customers, applicant expends "significant resources" to promote its LENS mark through Internet advertisements in the US and foreign commerce, and applicant has expended over $1,400,000 since 1998 on advertising through various Internet search engines.

Applicant's long use and revenues suggest that applicant has enjoyed a degree of business success. Nonetheless, this evidence demonstrates only the popularity of applicant's services, not that the relevant customers of such services have come to view the designation LENS as applicant's source-identifying service mark. *See In re Bongrain International Corp*., 894 F.2d 1316, 13 USPQ2d 1727 (Fed. Cir. 1990); and *In re Recorded Books Inc*., 42 USPQ2d 1275 (TTAB 1997). The issue here is the achievement of distinctiveness, and the evidence falls far short of establishing this. Notably, applicant's evidence fails to indicate whether its advertising and sales figures are related to its LENS designation, or other designations such as its name, LENS.COM. Of equal significance, the record is completely devoid of direct evidence that the relevant classes of purchasers of applicant's services view LENS as

13

a distinctive source indicator for applicant's services. Accordingly, even if the designation LENS were found to be not generic, but merely descriptive, given the highly descriptive nature of the designation LENS, we would need to see a great deal more evidence (especially in the form of direct evidence from customers) than what applicant has submitted in order to find that the designation has become distinctive of applicant's services. That is to say, the greater the degree of descriptiveness, the greater the evidentiary burden on the user to establish acquired distinctiveness. *See Yamaha Int'l. Corp. v. Hoshino Gakki Co., supra; and In re Merrill Lynch, Pierce, Fenner & Smith, Inc., supra.* The sufficiency of the evidence offered to prove secondary meaning should be evaluated in light of the nature of the designation. Highly descriptive terms, for example, are less likely to be perceived as trademarks and more likely to be useful to competing sellers than are less descriptive terms. More substantial evidence of secondary meaning thus will ordinarily be required to establish their distinctiveness.

*Decision:* The refusal under Section 2(e)(1) of the Act on the ground that the proposed mark is generic is affirmed; the refusal under Section 2(e)(1) of the Act on

the ground that the mark is merely descriptive and the

Section 2(f) showing is insufficient is likewise affirmed.