# United States Court of Appeals for the Federal Circuit

---

**GALPERTI, INC.,**
*Appellant*

**v.**

**GALPERTI S.R.L.,**
*Appellee*

---

2021-1011

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92057016.

---

Decided: November 12, 2021

---

THEODORE H. DAVIS, JR., Kilpatrick, Townsend & Stockton LLP, Atlanta, GA, argued for appellant. Also represented by BETHANY R. NELSON; MELISSA DAVIS, JENNIFER S. SICKLER, Thompson & Knight LLP, Houston, TX.

PAOLO STRINO, Gibbons P.C., New York, NY, argued for appellee. Also represented by JONATHON BRUGH LOWER, Newark, NJ.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge.*

In September 2007, Galperti S.r.l. (Galperti-Italy), to support its application to the Patent and Trademark Office (PTO) for registration of the mark GALPERTI, told the PTO that, in the five preceding years, its use of the mark was "substantially exclusive." In 2008, the PTO granted the application and issued Registration No. 3411812. In 2013, Galperti, Inc. (Galperti-USA) petitioned the PTO to cancel the registration, arguing, among other things, that the registration was obtained by fraud because Galperti-Italy's 2007 statement of substantially exclusive use was false and, indeed, intentionally so. When the PTO's Trademark Trial and Appeal Board dismissed the cancellation petition, we affirmed as to the non-fraud issues but vacated the Board's rejection of the fraud charge and remanded for further consideration of that charge. *Galperti, Inc. v. Galperti S.r.l.*, 791 F. App'x 905 (Fed. Cir. 2019) (*2019 CAFC Op.*). On remand, the Board again dismissed the fraud claim, again finding no proven falsity of the statement at issue (and again not reaching the intent aspect of fraud). *Galperti, Inc. v. Galperti S.r.l.*, Cancellation No. 92057016 (TTAB Aug. 4, 2020) (*2020 Board Op.*). Now, on Galperti-USA's second appeal, we hold that, in finding no falsity of Galperti-Italy's assertion of substantially exclusive use from 2002 to 2007, the Board committed two legal errors: requiring Galperti-USA to establish its own proprietary rights to the mark and disregarding use of the mark by others during the period at issue. We vacate the Board's decision and remand for further consideration.

I

Galperti-USA, a Texas corporation, and Galperti-Italy, an Italian limited liability company, are legally unrelated companies, both of which manufacture and sell metal flanges and related products. On April 15, 2008, Galperti-Italy obtained a trademark registration for the mark GALPERTI for "[i]ronmongery in the form of metal

hardware, namely, flanges, ring-shaped fittings of metal, and forgings." *2020 Board Op.* at \*1–2. The registration claims a priority date of September 28, 2006, based on Italian registration application No. MI2006C009605.

It is common ground here that GALPERTI is "primarily merely a surname" and, so, without more, could not be registered. Lanham Act § 2(e)(4), 15 U.S.C. § 1052(e)(4). Here, Galperti-Italy obtained a registration of GALPERTI on the Principal Register under Section 2(f) of the Lanham Act, which, even for a mark that is "primarily merely a surname," allows registration if the mark "has become distinctive of the applicant's goods in commerce" and allows the PTO to "accept as prima facie evidence" of such acquired distinctiveness "proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made." 15 U.S.C. § 1052(f). The PTO initially rejected Galperti-Italy's application on the ground that the mark GALPERTI was not registrable because it was primarily just a surname. J.A. 51; *see* Lanham Act § 2(e)(4), 15 U.S.C. § 1052(e)(4). On September 26, 2007, Galperti-Italy responded by asserting, in reliance on the Section 2(f) proof standard for acquired distinctiveness: "The mark has become distinctive of the goods listed in the application through the Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement." J.A. 68. The registration subsequently issued.

On April 4, 2013, within five years of the April 15, 2008 registration, Galperti-USA petitioned to cancel the registration under Section 14 of the Lanham Act, 15 U.S.C. § 1064. Its amended petition in 2014 presented three grounds. First, Galperti-USA argued that its use of the GALPERTI mark predated Galperti-Italy's relevant use of the mark and Galperti-Italy's use was likely to cause confusion. *See* Lanham Act § 2(d), 15 U.S.C. § 1052(d). Second, Galperti-USA argued that Galperti-Italy obtained the

registration by fraud, namely, by intentionally making a false assertion of substantially exclusive use from 2002 to 2007. *See* Lanham Act § 14(3), 15 U.S.C. § 1064(3) (cancellation available for registration "obtained fraudulently"); *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (holding that an applicant commits fraud when it knowingly makes false, material representations of fact with an intent to deceive the PTO). Third, Galperti-USA alleged that Galperti-Italy made a false claim of ownership, again invoking fraud.

After a trial, the Board deemed the ownership ground forfeited and rejected the other two grounds on the merits. Galperti-USA appealed the two merits rulings. We affirmed the Board's determination that Galperti-USA failed to demonstrate its prior use of the mark. *2019 CAFC Op.*, 791 F. App'x at 907–08.[1] But we vacated the Board's determination that Galperti-USA failed to prove the falsity, and hence failed to prove the fraudulent character, of Galperti-Italy's 2007 assertion to the PTO that its use of the mark had been substantially exclusive in the preceding five years. *Id.* at 909–10. We explained that "when evaluating whether an applicant has had 'substantially exclusive' use of a mark, we look to whether any use by a third party was 'significant,' or whether it was merely 'inconsequential or infringing.'" *Id.* at 910 (quoting *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 1352 (Fed. Cir. 1999)). While approving the Board's conclusion that Galperti-Italy's mere "knowledge of other players in the marketplace'" was insufficient to make its statement to the PTO "'per se false,'" *id.*, we held that the Board had erred in stopping at that point, because the absence of "per se"

---

[1]    We also rejected Galperti-USA's argument about prior trade-*name* use, affirming the Board's determination that Galperti-USA had not properly preserved such a contention. *2019 CAFC Op.*, 791 F. App'x at 908–09.

falsity does not imply the absence of falsity, *id.* What was needed was an inquiry, on remand, into whether the uses to which Galperti-USA pointed as showing the falsity of Galperti-Italy's representation to the PTO were significant or, instead, inconsequential. *Id.* In stating the remand instruction, we referred to "*Appellant's* use" (Galperti-USA being "Appellant"), *id.* (emphasis added), but given our statement of the legal standard in terms of "any use by a third party" and "other players in the marketplace," *id.*, the remand mandate could not be reasonably understood as limited to evidence of Galperti-USA's own use, but required proper consideration of all the evidence presented of significant (rather than inconsequential) use.

On remand, the Board did not take an improper view of this court's mandate. But it again found that Galperti-USA had failed to prove the significant, not inconsequential, use that would make Galperti-Italy's representation false. And in so finding, the Board stated two conclusions that are now at issue before us.

First, the Board concluded that Galperti-USA "had to show it had obtained proprietary rights in 'Galperti' by evidence of secondary meaning," *2020 Board Op.* at *15, and that Galperti-USA's "failure to show a proprietary interest in the surname 'Galperti' as a trademark during the relevant time period renders [Galperti-USA's] purported use 'inconsequential,'" *id.* at *17. Second, the Board concluded that Galperti-USA could not benefit from third-party use of GALPERTI because there was no proven privity (though there was affiliation) between Galperti-USA and the third-party users. *Id.* at *17 (stating that because two Galperti-USA "affiliates" "were neither predecessors nor successors in interest" of Galperti-USA, "any common law use" by the affiliates "did not inure to [Galperti-USA's] benefit"). The Board also addressed aspects of the evidence it found not to help Galperti-USA for reasons not expressly dependent on those two conclusions. *Id.* at *12–15. For the reasons it set forth, the Board found that Galperti-USA had

demonstrated only insignificant use and hence had not shown falsity or, therefore, fraud on Galperti-Italy's part. *Id.* at *17.

Galperti-USA timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## II

Galperti-USA contends that the Board's analysis of falsity includes two legally incorrect premises.  One is that Galperti-USA had to have trademark-protected rights in its use of the mark at issue (in 2002–2007)—specifically, secondary meaning (*i.e.*, acquired distinctiveness)—in order for that use to count as significant in assessing the falsity of Galperti-Italy's assertion of "substantially exclusive use."  The other is that uses by third parties do not count in the substantially-exclusive-use assessment unless the third parties were in privity with Galperti-USA.  We agree that both premises are found in the Board's analysis and that both premises are incorrect as a matter of law—a matter we decide de novo. *In re i.am.symbolic*, 866 F.3d. 1315, 1322 (Fed. Cir. 2017).  Because we cannot be confident that the Board's bottom-line finding of no significant non-Galperti-Italy use was unaffected by the two legal errors, we vacate and remand.  We do not reach the intent aspect of fraud.

## A

Galperti-Italy made its assertion of "substantially exclusive use" of GALPERTI (in the specified 2002–2007 period) specifically in order to invoke Lanham Act Section 2(f)'s authorization to rely on "substantially exclusive and continuous use . . . as a mark" for the five preceding years to make out a prima facie case of acquired distinctiveness. 15 U.S.C. § 1052(f).  The Board thus treated the meaning of Galperti-Italy's representation to the PTO in 2007, as intended by Galperti-Italy and understood by the PTO, as mirroring the statutory provision being invoked.

Because GALPERTI is primarily just a surname, it is not disputed here that any proprietary rights depend on secondary meaning, as is true of descriptive terms.  2 J. McCarthy on Trademarks and Unfair Competition § 13:2 (5th ed. 2021).  Accordingly, in requiring that Galperti-USA have proprietary rights in GALPERTI for its use of the term to count in showing Galperti-Italy's assertion of substantially exclusive use as a mark to be false, the Board required that Galperti-USA show "secondary meaning," *2020 Board Op.* at \*15, *i.e.*, acquired distinctiveness.  *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992) ("This acquired distinctiveness is generally called 'secondary meaning.'"); *Real Foods Pty. Ltd. v. Frito-Lay North America, Inc.*, 906 F.3d 965, 972 (Fed. Cir. 2018).  In other words, the Board ruled that GALPERTI had to have acquired distinctiveness as a source identifier *for Galperti-USA* in order for Galperti-USA's own use to undermine Galperti-Italy's claim of substantially exclusive use.

That requirement is counter to our precedent on what uses count as undermining a claim of acquired distinctiveness of a term based on substantially exclusive use of the term as a mark for the statutory five-year period.  Our precedents hold that even marketplace uses of a term lacking secondary meaning for the users are among the uses that legitimately play that role.  After all, a significant amount of marketplace use of a term *not* as a source identifier for those users does tend to undermine an applicant's assertion that its own use has been substantially exclusive so as to create a prima facie case that the term has come to acquire distinctiveness as a source identifier for the applicant.  An applicant's assertion that it has attained the status of recognition as the source of goods carrying a given mark is not undermined only by uses made by another person that has attained that status for itself.  We and our relevant predecessor court have so held, in particular, as to merely descriptive uses of such a term.

Thus, in *De Walt, Inc. v. Magna Power Tool Corp.*, one of this court's predecessors (whose decisions are precedential for us) rejected a claim of substantially exclusive use where the opposer had "a long established right to use 'power sh[o]p' descriptively and prominently in connection with the sale of woodworking saws and it would be inconsistent to register 'Power Shop' to [the applicant] for those wares." 289 F.2d 656, 661 (CCPA 1961). In *Otto Roth & Co. v. Universal Foods Corp.*, the same court elaborated:

> Any use by opposer, whether begun prior or subsequent to applicant's, and whether in a descriptive context or in the manner of a mark, may be sufficient to defeat the applicant's claim that the term is distinctive of its goods or has become distinctive thereof with the meaning of section 2(f) of the Lanham Act.

640 F.2d 1317, 1320 (CCPA 1981). And in *In re Boston Beer Co.*, we affirmed a refusal to register "The Best Beer in America," explaining that "[t]he examples of use of the phrase by others in its descriptive form support the board's conclusion that the mark had not acquired distinctiveness." 198 F.3d 1370, 1373 (Fed. Cir. 1999). In our earlier opinion in this case, moreover, we instructed the Board to consider "whether any use by a third party was 'significant,'" without suggesting that the only uses that would count would be those for which acquired distinctiveness for the user was present. *2019 CAFC Op.*, 791 F. App'x at 910.

Under those precedents, the Board committed a legal error here. If evidence of uses lacking secondary meaning is pertinent under Section 2(f), the evidence is pertinent to showing the falsity of the assertion made by Galperti-Italy using the statutory language in order to meet the Section 2(f) standard. Contrary to the Board's ruling, therefore, we conclude that Galperti-USA does not need to establish secondary meaning of its own uses of GALPERTI in order for

those uses to be counted in determining the falsity of Galperti-Italy's claim of substantially exclusive use.

## B

The Board also erred in its related requirement that Galperti-USA had to demonstrate privity with other users of the mark during the 2002–2007 period at issue to rely on those uses to show falsity of Galperti-Italy's claim of substantially exclusive use. *See 2020 Board Op.* at \*17. This requirement is inconsistent with our precedent. In *Otto Roth*, the court explained that "any" use may frustrate a claim for substantially exclusive use, without limiting that use to the party challenging registration. 640 F.2d at 1320. A few years ago, we confirmed the common-sense point that the "most relevant evidence" in a Section 2(f) inquiry "will be the trademark owner's and third parties' use in the recent period before first use or infringement." *Converse, Inc. v. Int'l Trade Comm'n*, 909 F.3d 1110, 1122 (Fed. Cir. 2018) (advising that "both Converse's use and the use by its competitors" must be considered). Use by anyone, regardless of relation to the challenger, may undercut a claim of substantially exclusive use. This straightforward point is reflected in our prior opinion in the present matter, where we said that "any use by a third party" could be significant. *2019 CAFC Op.*, 791 F. App'x at 910.

## III

For the foregoing reasons, we reject two aspects of the Board's decision on what constitutes "use" for purposes of defeating a claim of substantially exclusive use. We vacate the Board's decision and remand. Further analysis of the falsity issue must proceed in the absence of the legal errors we have identified. We do not address the intent aspect of the charge of fraud, which the Board has not addressed.

The parties shall bear their own costs.

**VACATED AND REMANDED**